DANIEL V. STEENSON
[Idaho State Bar No. 4332]
DAVID P. CLAIBORNE
[Idaho State Bar No. 6579]
SAWTOOTH LAW OFFICES, PLLC
1101 W. River St., Ste. 110
P. O. Box 7985
Boise, Idaho 83707
Telephone:  (208) 629-7447
Facsimile:    (208) 629-7559
E-mail: david@sawtoothlaw.com

Attorneys for Defendants Giles, Funk,
Funk Dairy, Shoesole Farms

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO (SOUTHERN DIVISION)

| | |
|---|---|
| **CESAR MARTINEZ-RODRIGUEZ**, **DALIA PADILLA-LOPEZ, MAYRA MUNOZ-LARA, BRENDA GASTELUM-SIERRA, LESLIE ORTIZ-GARCIA**, and **RICARDO NERI-CAMACHO**;<br><br>Plaintiffs,<br><br>vs.<br><br>**CURTIS GILES**, an individual, **DAVID FUNK**, an individual, **JEREMY L. PITTARD**, an individual, **FUNK DAIRY, INC.**, an Idaho corporation, **SHOESOLE FARMS, INC.**, an Idaho corporation, **JEREMY L. PITTARD, ATTORNEY AT LAW, PLLC**, an Idaho professional limited liability company, **JOHN DOES 1-10**;<br><br>Defendants. | Case No. 1:17-cv-00001-BLW<br><br>**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL BY EMPLOYER DEFENDANTS** |

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL BY EMPLOYER
DEFENDANTS - 1

**COME NOW** the Defendants Curtis Giles, David Funk, Funk Dairy, Inc. and Shoesole Farms, Inc. (herein "Employer Defendants"), by and through their attorneys of record, Sawtooth Law Offices, PLLC, and in answer and response to the *Complaint*, Dkt. No. 1, filed January 3, 2017, hereby answer, respond, defend and plead as follows.

## I.    RULE 12 DEFENSES.

1.    The *Complaint* fails to state a claim upon which relief can be granted, and therefore ought to be dismissed pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.

2.    Paragraph 4 and footnote 1 of the *Complaint* contain and set forth immaterial, impertinent or scandalous matter that ought to be stricken pursuant to Rule 12(f) of the FEDERAL RULES OF CIVIL PROCEDURE.

## II.    ANSWERS TO ALLEGATIONS OF THE COMPLAINT.

### A.    *Preliminary Statement.*

3.    Employer Defendants deny paragraphs 1 through 6 of the *Complaint*, except that Employer Defendants admit that portion of paragraph 5 of the *Complaint* which alleges that Plaintiffs are Mexican veterinarians.  Employer Defendants have no knowledge as to whether Plaintiffs are licensed as veterinarians under Mexico law.

### B.    *Jurisdiction.*

4.    With respect to the allegations contained at paragraph 7 through 9 of the *Complaint*, Employer Defendants admit that they are subject to personal jurisdiction before this Court and that venue is appropriate before this Court, but Employer Defendants otherwise deny the allegations contained thereat.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL BY EMPLOYER DEFENDANTS - 2

C.      *Parties.*

5.      Employer Defendants admit the allegations set forth at paragraph 10 of the *Complaint*.

6.      With respect to paragraph 11 of the *Complaint*, Employer Defendants admit said allegations with the exception of the specification of the date of employment separation of the Plaintiffs, which varied among Plaintiffs between November 2015 and January 2016.

7.      With respect to paragraph 12 of the *Complaint*, Employer Defendants admit the allegations contained thereat except Employer Defendants deny that Shoesole Farms, Inc. served as a joint employer for Plaintiffs at any time or for any period of time.

8.      Employer Defendants admit paragraphs 13 through 16 of the *Complaint*.

9.      Employer Defendants deny paragraph 17 of the *Complaint*.

D.      *General Allegations and Facts.*

10.     The allegations set forth at paragraphs 18 through 21 of the *Complaint* set forth allegations and argument as to law, and do not set forth allegations of fact, and as such no response is required, but to the extent response is required, the allegations set forth at paragraphs 18 through 21 of the *Complaint* are denied.

11.     Employer Defendants lack sufficient knowledge, information or belief to admit or deny the allegations set forth at paragraphs 22 and 23 of the *Complaint*, and therefore those allegations are denied.

12.     Employer Defendants admit the allegations set forth at paragraph 24 of the *Complaint*.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL BY EMPLOYER DEFENDANTS - 3

13.     With respect to paragraph 25 of the *Complaint*, Employer Defendants admit that at-will offers of employment at the rate of $10 per hour, with opportunity for pay rate increases, and with a $2,000 bonus after one year of employment, and with one week of paid vacation after one year of employment, were made to Plaintiffs, but the remainder of the allegations set forth at said paragraph are denied.

14.     Employer Defendants deny the allegations set forth at paragraph 26 of the *Complaint*.

15.     With respect to paragraph 27 of the *Complaint*, Employer Defendants affirmatively allege that the writings referenced thereat speak for themselves and the allegations contained thereat are therefore denied..

16.     Employer Defendants lack sufficient knowledge, information or belief to admit or deny the allegations set forth at paragraph 28 of the *Complaint*, and therefore those allegations are denied.

17.     With respect to paragraph 29 of the *Complaint*, Employer Defendants admit that Giles provided a presentation to UAZ prospective work applicants, and thereafter Giles interviewed interested candidates, but the remainder of the allegations set forth at said paragraph are denied.

18.     With respect to paragraph 30 of the *Complaint*, Employer Defendants admit that at-will offers of employment at the rate of $10 per hour, with opportunity for pay rate increases, and with a $2,000 bonus after one year of employment, and with one week of paid vacation after one year of employment, were made to Plaintiffs, but the remainder of the allegations set forth at said paragraph are denied.

19.     Employer Defendants deny the allegations set forth at paragraph 31 of the *Complaint*.

20.     Employer Defendants lack sufficient knowledge, information or belief to admit or deny the allegations set forth at paragraph 32 of the *Complaint*, and therefore those allegations are denied.

21.     Employer Defendants deny the allegations set forth at paragraph 33 of the *Complaint*.

22.     With respect to paragraph 34 of the *Complaint*, Employer Defendants admit that at-will offers of employment at the rate of $10 per hour, with opportunity for pay rate increases, and with a $2,000 bonus after one year of employment, and with one week of paid vacation after one year of employment, were made to Plaintiffs, but the remainder of the allegations set forth at said paragraph are denied.

23.     Employer Defendants deny the allegations set forth at paragraph 35 of the *Complaint*.

24.     Employer Defendants admit the allegations set forth at paragraph 36 of the *Complaint*.

25.     With respect to paragraph 37 of the *Complaint*, Employer Defendants admit sending a questionnaire to Plaintiffs in September 2014, but the remainder of the allegations contained thereat are denied and Employer Defendants affirmatively allege that the writings alleged thereat speak for themselves.

26.     Employer Defendants deny the allegations set forth at paragraph 38 of the *Complaint*.

27.     With respect to paragraph 39 of the *Complaint*, Employer Defendants admit sending an email to Plaintiffs in October 2014, but the remainder of the allegations contained thereat are denied and Employer Defendants affirmatively allege that the writings alleged thereat speak for themselves.

28.     Employer Defendants deny the allegations set forth at paragraph 40 of the *Complaint*.

29.     With respect to paragraph 41 of the *Complaint*, Employer Defendants affirmatively allege that the writings referenced thereat speak for themselves and the allegations contained thereat are therefore denied..

30.     With respect to paragraph 42 of the *Complaint*, Employer Defendants admit that Plaintiffs Padilla, Munoz, Ortiz and Neri arrived in Idaho in November 2014, and that Plaintiffs Martinez and Gastelum arrived in Idaho in December 2014, but the remainder of the allegations thereat are denied.

31.     With respect to paragraph 43 of the *Complaint*, the allegations contained thereat are denied, except that Employer Defendants admit that Plaintiffs were employed to work 12 hour shifts, 6 days per week; that the tasks assigned to Plaintiffs included, but were not limited to, implementing animal reproduction programs, animal nutrition plans, animal health care, artificial insemination, sick and pregnant cow care and treatment, fresh cow monitoring, calving, colostrum handling, feed evaluation and preparation, maternity operations, keeping work and animal areas clean, keeping implements and equipment clean, and other ancillary activities, all of which was performed under the supervision of, and consistent with protocols established by, licensed United States veterinarians, as required by law or regulation.

32.     Employer Defendants deny the allegations set forth at paragraph 44 of the *Complaint*.

33.     With respect to paragraph 45 of the *Complaint*, the allegations contained thereat are denied, except that Employer Defendants admit that the female Plaintiffs were entitled to use an additional bathroom, and further that some working areas had flies and mice present.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL BY EMPLOYER DEFENDANTS - 6

34.     With respect to paragraph 46 of the *Complaint*, the allegations contained thereat are denied, except that Employer Defendants admit that Plaintiffs were not provided girdles.

35.     With respect to paragraph 47 of the *Complaint*, the allegations contained thereat are denied, except that Employer Defendants admit that Plaintiffs Munoz, Padilla and Martinez suffered workplace injuries that were treated and handled in accordance with the Workers' Compensation laws of the State of Idaho and by Plaintiffs' insurance carrier.

36.     Employer Defendants deny the allegations set forth at paragraph 48 of the *Complaint*.

37.     With respect to paragraph 49 of the *Complaint*, the allegations contained thereat are denied, except that Employer Defendants admit that Plaintiffs arrived to work during the winter time.

38.     With respect to paragraph 50 of the *Complaint*, the allegations contained thereat are denied, except that Employer Defendants admit that Plaintiffs were charged rent and security deposits consistent with agreements entered into between Plaintiffs and Employer Defendants.

39.     With respect to paragraph 51 of the *Complaint*, the allegations contained thereat are denied, except that Employer Defendants admit that they kept copies of keys to the homes they owned.

40.     With respect to paragraph 52 of the *Complaint*, the allegations contained thereat are denied, except that Employer Defendants admit that Plaintiffs were charged rent and security deposits consistent with agreements entered into between Plaintiffs and Employer Defendants.

41.     With respect to paragraph 53 of the *Complaint*, the allegations contained thereat are denied, except that Employer Defendants admit that Plaintiffs lived, in Idaho, in a rural area with no access to public transportation.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL BY EMPLOYER DEFENDANTS - 7

42.     Employer Defendants deny the allegations set forth at paragraph 54 of the *Complaint*.

43.     Employer Defendants lack sufficient knowledge, information or belief to admit or deny the allegations set forth at paragraphs 55 through 57 of the *Complaint*, and therefore those allegations are denied.

44.     Employer Defendants deny the allegations set forth at paragraphs 58 through 59 of the *Complaint*.

45.     With respect to paragraph 60 of the *Complaint*, the allegations contained thereat are denied, except that Employer Defendants admit that they retained photocopies of Plaintiffs' passports in their employee work authorization files.

46.     Employer Defendants deny the allegations set forth at paragraph 61 of the *Complaint*.

47.     With respect to paragraph 62 of the *Complaint*, the allegations contained thereat are denied, except that Employer Defendants admit the TN Visas obtained by Plaintiffs had a 3-year term, subject to annual review and renewal.

48.     With respect to paragraph 63 of the *Complaint*, the allegations contained thereat are denied, except that Employer Defendants admit that the employment of Plaintiffs Martinez, Gastelum and Ortiz was terminated by Employer Defendants, and further Employer Defendants admit that no costs of Plaintiffs' travel between Idaho and Mexico was paid by Employer Defendants.

     *E.*     *First Claim for Relief - Trafficking Victims Protection Reauthorization Act, Forced Labor, 18 U.S.C. §§ 1589, 1595.*

49.     With respect to paragraph 64 of the *Complaint*, Employer Defendants repeat and

restate each answer and response to the preceding allegations of the *Complaint* as set forth herein.

50.     Paragraphs 65 and 66 of the *Complaint* contain purported statements of law to which no response is required, but to the extent response is required the Employer Defendants deny such allegations and affirmatively allege that the statutes referenced at said paragraphs speak for themselves.

51.     Paragraphs 67 through 70 of the *Complaint* are denied by the Employer Defendants.

F.     *Second Claim for Relief - Trafficking Victims Protection Reauthorization Act, Trafficking in Servitude, 18 U.S.C. §§ 1590, 1995.*

52.     With respect to paragraph 71 of the *Complaint*, Employer Defendants repeat and restate each answer and response to the preceding allegations of the *Complaint* as set forth herein.

53.     Paragraph 72 of the *Complaint* contains a purported statement of law to which no response is required, but to the extent response is required the Employer Defendants deny such allegation and affirmatively allege that the statute referenced at said paragraph speak for itself.

54.     Paragraphs 73 through 75 of the *Complaint* are denied by the Employer Defendants.

G.     *Third Claim for Relief - Violation of Civil-Rico, 18 U.S.C. § 1962(c).*

55.     With respect to paragraph 76 of the *Complaint*, Employer Defendants repeat and restate each answer and response to the preceding allegations of the *Complaint* as set forth herein.

56.     Paragraphs 77 through 101 of the *Complaint* are denied by the Employer Defendants.

H.     *Fourth Claim for Relief - Intentional Fraud.*

57.     With respect to paragraph 102 of the *Complaint*, Employer Defendants repeat and restate each answer and response to the preceding allegations of the *Complaint* as set forth herein.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL BY EMPLOYER DEFENDANTS - 9

58.     Paragraphs 103 through 109 of the *Complaint* are denied by the Employer Defendants.

I.      *Fifth Claim for Relief - Concealment.*

59.     With respect to paragraph 110 of the *Complaint*, Employer Defendants repeat and restate each answer and response to the preceding allegations of the *Complaint* as set forth herein.

60.     Paragraphs 111 through 114 of the *Complaint* are denied by the Employer Defendants.

J.      *Sixth Claim for Relief - False Promise.*

61.     With respect to paragraph 115 of the *Complaint*, Employer Defendants repeat and restate each answer and response to the preceding allegations of the *Complaint* as set forth herein.

62.     Paragraphs 116 through 118 of the *Complaint* are denied by the Employer Defendants.

K.      *Seventh Claim for Relief - Negligent Misrepresentation.*

63.     With respect to paragraph 119 of the *Complaint*, Employer Defendants repeat and restate each answer and response to the preceding allegations of the *Complaint* as set forth herein.

64.     Paragraphs 120 through 124 of the *Complaint* are denied by the Employer Defendants.

L.      *Eighth Claim for Relief - Breach of Contract.*

65.     With respect to paragraph 125 of the *Complaint*, Employer Defendants repeat and restate each answer and response to the preceding allegations of the *Complaint* as set forth herein.

66.     Paragraphs 126 through 129 of the *Complaint* are denied by the Employer

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL BY EMPLOYER DEFENDANTS - 10

Defendants.

   *M.*   *Ninth Claim for Relief - Breach of the Covenant of Good Faith and Fair Dealing.*

   67.   With respect to paragraph 130 of the *Complaint*, Employer Defendants repeat and restate each answer and response to the preceding allegations of the *Complaint* as set forth herein.

   68.   Paragraphs 131 through 133 of the *Complaint* are denied by the Employer Defendants.

   *N.*   *Jury Trial Demand.*

   69.   Employer Defendants have no objection to the jury trial of issues so triable to a jury.

   *O.*   *Prayer for Relief.*

   70.   Employer Defendants deny that Plaintiffs are not entitled to any relief whatsoever by way of the *Complaint*.

## III. AFFIRMATIVE DEFENSES AND ALLEGATIONS.

   71.   That the rights and obligations of the parties to the alleged contract upon which Plaintiffs' base their *Complaint* were discharged to accord and satisfaction of both Plaintiffs and Employer Defendants.

   72.   That the Plaintiffs' demand for equitable relief is improper because Plaintiffs have an adequate remedy at law.

   73.   That the Employer Defendants alleged improper conduct was authorized by federal, state or local law, ordinance, regulation or rule.

   74.   That the damages alleged in Plaintiffs' *Complaint* reasonably could have been avoided by Plaintiffs.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL BY EMPLOYER DEFENDANTS - 11

75.     That the Employer Defendants have duly performed all of the conditions of the alleged contract referred to by Plaintiffs in their *Complaint*.

76.     That one or more of the Plaintiffs materially breached their alleged employment contracts with Employer Defendants, if any such contract existed, by reason of their nonperformance or substandard performance of their duties pursuant to said alleged contract.

77.     Plaintiffs negligently failed to take proper and adequate protective and preventive measures to prevent or minimize the injuries complained of in this action, and such negligence caused, contributed to, or aggravated said injuries.

78.     That Plaintiffs' action in tort for pure economic loss cannot be maintained under Idaho law.

79.     That the alleged contractual agreement that is the basis of Plaintiffs' *Complaint* is alleged to be a contract for employment or personal services in excess of one year, and that said contract is therefore unenforceable under Idaho's statute of frauds.

80.     That the alleged damages of Plaintiffs were wholly or partially caused by their own conduct, which superceded any alleged wrongful conduct of the Employer Defendants.

81.     That the Plaintiffs have unclean hands by their actions in relation to the matters alleged in their *Complaint* and therefore cannot maintain an action in equity.

82.     Pursuant to Rule 11 of the FEDERAL RULES OF CIVIL PROCEDURE, all possible affirmative defenses may not have been alleged and set forth herein because sufficient facts are not available at this time to form an adequate factual basis for the defenses, after Employer Defendants have made reasonable inquiry to obtain such facts.  Therefore, Employer Defendants reserve the right

to raise additional affirmative defenses as fact-gathering and discovery in this matter progresses.

## IV.    ATTORNEY FEES AND COURT COSTS.

83.    Employer Defendants have been required to retain the attorney services of Sawtooth Law Offices, PLLC in order to defend and maintain this action.

84.    Employer Defendants are entitled to an award of court costs incurred herein, pursuant to applicable federal law (including but not limited to 18 U.S.C. §§ 1595, 1964) , regulation and/or rule, IDAHO CODE § 12-101, and/or Rule 54(d) of the FEDERAL RULES OF CIVIL PROCEDURE.

85.    Employer Defendants are entitled to an award of reasonable litigation expenses and attorney fees incurred herein, pursuant to applicable federal law (including but not limited to 18 U.S.C. §§ 1595, 1964), regulation and/or rule, IDAHO CODE §§ 12-120 and/or 12-121, and/or Rule 54(e) of the FEDERAL RULES OF CIVIL PROCEDURE.

## V.    RESERVATIONS.

86.    The foregoing constitutes the present full and complete answer of Employer Defendants, but said Employer Defendants hereby reserve the right to seek amendment of the answer, and to possibly seek counterclaims, cross-claims and third party claims, as discovery is conducted and further facts are developed relative to the matters described in the *Complaint*.

## VI.    DEMAND FOR JURY TRIAL.

87.    Employer Defendants hereby make **DEMAND FOR JURY TRIAL** of all contested matters in this action triable before a jury, and said Employer Defendants do not consent to any jury panel consisting of fewer than twelve (12) jurors.

**VII.    PRAYER FOR RELIEF.**

**WHEREFORE**, Employer Defendants **PRAY** that the Court enter its decree, judgment, or order providing Employer Defendants with the following relief:

A.    Dismissal, with prejudice, of all claims for relief asserted by Plaintiffs in the *Complaint*; and

B.    For an award of Employer Defendants' court costs, attorney fees, and litigation expenses incurred herein; and

C.    For such other and further relief in favor of Employer Defendants as the Court deems just and appropriate under the circumstances.

**DATED** this 14th day of February, 2017.

SAWTOOTH LAW OFFICES, PLLC


by:  s/ David P. Claiborne
     David P. Claiborne


ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL BY EMPLOYER DEFENDANTS - 14

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following on this 14th day of February, 2017 by the following method:

| | |
|---|---|
| **NATALIE CAMACHO MENDOZA** | [__] U.S. First Class Mail, Postage Prepaid |
| **CAMACHO MENDOZA LAW** | [__] U.S. Certified Mail, Postage Prepaid |
| P.O. Box 190438 | [__] Federal Express |
| Boise, Idaho 83719 | [__] Hand Delivery |
| Telephone: | [__] Facsimile |
| Facsimile: | [_X_] Electronic Mail or CM/ECF |
| E-Mail: natalie@camachomendozalaw.com | |
| *Attorneys for Plaintiffs* | |

| | |
|---|---|
| **MARIO MARTINEZ** | [__] U.S. First Class Mail, Postage Prepaid |
| **EDGAR IVAN AGUILASOCHO** | [__] U.S. Certified Mail, Postage Prepaid |
| **MARTINEZ AGUILASOCHO & LYNCH** | [__] Federal Express |
| P.O. Box 11208 | [__] Hand Delivery |
| Bakersfield, California 93309 | [__] Facsimile |
| Telephone: (661) 859-1174 | [_X_] Electronic Mail or CM/ECF |
| Facsimile: (661) 840-6154 | |
| E-Mail: eaguilasocho@farmworkerlaw.com | |
| *Attorneys for Plaintiffs* | |

| | |
|---|---|
| **KEELY E. DUKE** | [__] U.S. First Class Mail, Postage Prepaid |
| **DUKE SCANLAN & HALL, PLLC** | [__] U.S. Certified Mail, Postage Prepaid |
| 1087 W. River St., Ste. 300 | [__] Federal Express |
| Boise, Idaho 83702 | [__] Hand Delivery |
| Telephone: (208) 342-3310 | [__] Facsimile |
| Facsimile: (208) 342-3299 | [_X_] Electronic Mail or CM/ECF |
| E-Mail: ked@dukescanlan.com | |
| *Attorneys for Defendant Pittard* | |

    s/ David P. Claiborne
    David P. Claiborne

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL BY EMPLOYER DEFENDANTS - 15