UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CESAR MARTINEZ-RODRIGUEZ; DALIA PADILLA-LOPEZ; MAYRA MUNOZ-LARA; BRENDA GASTELUM-SIERRA; LESLIE ORTIZ-GARCIA; and RICARDO NERI-CAMACHO,<br><br>       Plaintiffs,<br><br>      v.<br><br>CURTIS GILES, an individual; DAVID FUNK, an individual; and JEREMY L. PITTARD, an individual; the business they controlled and/or operated, including FUNK DAIRY, INC., an Idaho corporation; SHOESOLE FARMS, INC., an Idaho corporation, and JEREMY L. PITTARD, ATTORNEY AT LAW, PLLC, an Idaho Limited Liability Company; and DOES 1-10,<br><br>       Defendants. | Case No. 1:17-cv-0001-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Pending before the Court is a joint Motion to Dismiss filed by Defendants Jeremy

L. Pittard, an individual, and Jeremy L. Pittard, Attorney at Law, PLLC (Collectively

"Pittard"). Dkt. 13. Having reviewed the record and briefs, the Court finds that the facts

and legal arguments are adequately presented. Accordingly, in the interest of avoiding

further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below the Court GRANTS the Motion.

## BACKGROUND

Plaintiffs are six professional veterinarians from Mexico who allege that Defendants have engaged in a "criminal conspiracy to bring Mexican nationals to the United States illegally for the purpose of forced labor." Complaint, ¶1. Based on this allegation, Plaintiffs assert claims of Forced Labor and Trafficking into Servitude under the Trafficking Victims Protection Reauthorization Act (18 U.S.C. §§ 1589, 1590, and 1595) and civil claims under the Racketeer Influenced and Corrupt Organizations Act (RICO).

Broadly speaking, Plaintiffs assert that Defendants conspired to recruit professional Mexican veterinarians to work in the United States under the false pretense that they would be professional animal scientists, only to be hired as low-wage, general laborers at Funk Dairy, Inc,. *Id.* Plaintiffs allege that these acts violated US immigration laws. They also assert that they were subjected to long working hours under arduous conditions and forced to stay under threat of deportation, fear, and unfamiliarity with the English language and American legal system. *Id.*

Plaintiffs allege that as part of this conspiracy, Jeremy Pittard, the owner of Jeremy L. Pittard, Attorney at Law, PLLC, "aided and abetted" (complaint, ¶3) the other named Defendants by reviewing the visas Plaintiffs filed and by speaking with Plaintiffs prior to

their United States Embassy interviews. Complaint, ¶37, ¶40. Believing that these allegations fall short of the standard required to state a plausible claim for relief, Pittard filed the instant Motion to Dismiss.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir.2011). "A complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to avoid dismissal under a Rule 12(b)(6) motion." *Id.* (citing *Porter v. Jones,* 319 F.3d 483, 494 (9th Cir.2003)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly,* 550 U.S. 544(2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations," however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In other words, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In light of *Twombly* and *Iqbal,* the Ninth Circuit summarized the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the pleading under attack. *Iqbal,* 556 U.S. at 663. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

When ruling on a motion to dismiss, the court must normally convert a Rule 12(b)(6) motion into one for summary judgment under Rule 56 if the court considers evidence outside of the pleadings. *United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir.2003). However, a court may consider certain materials, such as documents attached to the complaint, documents incorporated by reference in the complaint, or matters properly subject to judicial notice, without converting the motion to dismiss into a motion for summary judgment. *Id.* at 908.

In cases decided after *Iqbal* and *Twombly,* the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009) (issued two months after *Iqbal).*

MEMORANDUM DECISION AND ORDER - 4

## ANALYSIS

In this case, the Court finds that the allegations against Pittard do not rise above the speculative level, *Twombly,* 550 U.S. at 555, and are not sufficiently supported by "nonconclusory factual content, and reasonable inferences" to survive a motion to dismiss. *Moss,* 572 F.3d at 969.

The first allegation against Pittard is that "on or about September 17, 2014, Defendant Giles confirmed that his attorney Jeremy Pittard had reviewed and approved those documents." Complaint, ¶37. "Those documents" refers to Plaintiffs' U.S. Department of State Form DS-160 questionnaires and other visa/immigration documents.

There are two problems with this first allegation. First, this claim is based upon what one defendant said about another defendant. Plaintiffs have no independent knowledge of the truthfulness of this statement. Second, even taking the allegation as true, there is no reasonable inference that such conduct was nefarious in any way or contributed to the conspiracy as alleged in the complaint.

The second allegation against Pittard is likewise flawed. Plaintiffs' state that each of them spoke over the phone with Pittard prior to their TN visa interviews with the United States Embassy and that Pittard told them to "specifically state that they were going to work at Funk Dairy as an 'Animal Scientists,'" and that "if U.S. Department of State officials asked whether they would be performing general labor, such as milking cows or cleaning cow pens, that they should say no." Complaint, ¶40.

Plaintiffs' assertion is that the reasonable inference to be drawn from this statement is that Pittard "knew or should have known that Plaintiffs fully expected they would be performing animal scientist work when they arrived in Idaho." Dkt. 19, at 7. There is however nothing in the record that would suggest that this state of mind was anything but accurate from Pittard's point of view. Even assuming arguendo that the rest of the complaint is true, i.e. that there was a criminal conspiracy afoot, it is just as reasonable to believe that Pittard was being duped alongside Plaintiffs, and simply doing what his legal client asked him to do, as to assume that he was a part of this whole conspiracy. There is nothing to suggest that Pittard knew he was misleading Plaintiffs for the purposes of passing their embassy interviews as asserted.

The above aside, taking the Plaintiffs' allegations at face value as true, they still would not rise to the level of the crimes alleged in this case.

A. <u>Forced Labor Claim</u>

Plaintiff's First Claim for Relief is a Forced Labor claim under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §1589.

The federal forced labor statute, 18 U.S.C. § 1589(a), provides:

(a) Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—
(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
(2) by means of serious harm or threats of serious harm to that person or another person;
(3) by means of the abuse or threatened abuse of law or legal process; or

(4) by means of any scheme, plan, or pattern intended to cause the person to
believe that, if that person did not perform such labor or services, that person
or another person would suffer serious harm or physical restraint,
shall be punished as provided under subsection (d).

In order to show that someone violated the Federal Forced Labor Statute, it must be
demonstrated that first, the threat of harm was serious; and second, that the defendant had
the requisite *scienter*, or bad state of mind. *United States v. Dann,* 652 F.3d 1160, 1170
(9th Cir. 2011).

In this case, neither of those elements have been adequately alleged with regard to
Pittard. There are no facts asserted indicating that Pittard threatened any of the Plaintiffs in
any way. Likewise, there are no factual allegations that Pittard intended to cause Plaintiffs
harm, or even that he knew of the [alleged] conspiracy. A clear requirement of 18 U.S.C.
§ 1589(a) and (b) is knowledge. In this case there is also no indication that Pittard had any
knowledge of anything outside the scope of his role as an attorney in these matters. This
claim must, therefore, be dismissed.

B. Trafficking into Servitude Claim

Plaintiffs' Second Claim for Relief is a Trafficking Into Servitude claim under the
Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §1589.

The federal Trafficking Into Servitude statute, 18 U.S.C. § 1590(a), provides:

Whoever knowingly recruits, harbors, transports, provides, or obtains by any
means, any person for labor or services in violation of this chapter shall be
fined under this title or imprisoned not more than 20 years, or both.

Like the previous statute, this trafficking claim also has a knowledge requirement
and while Plaintiff states that Pittard "knowingly recruited, harbored, transported,

provided, and obtained Plaintiffs to provide general dairy labor and services to the Defendant, through fraud, deceit, and misrepresentation, knowing that Plaintiffs, who are professionals, would not knowingly agree to work as general laborers for a dairy," (Complaint, ¶73) there are no facts from which this Court could draw such an inference. The bare allegation that Pittard "knew" about the conspiracy with nothing more is not sufficient to state a claim under the Trafficking Into Servitude statute.

This claim, as well as the prior claim involving forced labor, is problematic because Plaintiffs never allege that Pittard was involved in any way with the working conditions that were present when Plaintiffs arrived at Funk Dairy and which were the impetus for this lawsuit. Pittard's involvement, if any, was limited to the time period prior to Plaintiffs' arrival in the United States. This is not to say than an individual cannot conspire prior to arrival—the statute by its plain language specifies that recruiting people for force labor is trafficking—but against the backdrop of Plaintiffs' claim, Pittard's involvement falls short of that burden of proof. Again, it is just as logical to infer that Pittard knew nothing about this scheme as to infer that he did. Without more, the Court cannot simply accept Plaintiffs' bare conclusions that Pittard knew he was aiding a trafficking scheme. This claim must be dismissed.

C. RICO Claim

Plaintiff's Third Claim for Relief against Pittard is a civil RICO claim.

The elements of a civil RICO claim are as follows: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing

injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005); *see also* 18 U.S.C. §§ 1964(c), 1962(c)).

Plaintiffs' allegations against Pittard do not meet the requirements of this test. First, it does not appear that Pittard's conduct was sufficient to establish a pattern. "In order to show a pattern [of racketeering activity under RICO], a complainant must demonstrate that the alleged predicate acts were both related and continuous. In turn, 'to satisfy the continuity requirement, [a complainant] must prove either a series of related predicates extending over a substantial period of time, i.e., closed-ended continuity, or past conduct that by its nature projects into the future with a threat of repetition, i.e. open-ended continuity.'" *Steam Press Holdings, Inc. v. Haw. Teamsters, Allied Workers Union,* Local 996, 302 F.3d 998, 1011 (9th Cir. 2002) (internal citations omitted).

Here, we only have two alleged acts: the reviewing of the documents, and the pre-embassy interview calls. Neither act appears to have been repeated, and while these acts could be considered related (if one assumes the conspiracy, and that Pittard was involved) "the relatedness of racketeering activities is not alone enough to satisfy § 1962's pattern element. To establish a RICO pattern it must also be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, *continuing* racketeering activity." *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 240 (1989). Here, neither activity creates a pattern, extends over a substantial period of time, or is indicative of future racketeering activity.

Even if the two instances *could* be considered a pattern, such conduct must be of a certain type—racketeering—and must cause harm to the victim. In this instance, Plaintiffs fail to show how Pittard's activities meet that standard.

Racketeering activity, as defined in the statute itself, is extremely broad.[1] Nevertheless, neither of the allegations against Pittard rise to the level of racketeering—at least as currently alleged. Plaintiffs claim that Defendants:

> conducted or participated in and/or conspired to conduct the affairs of the RICO Enterprise by engaging in the following predicate acts of racketeering activity under 18 U.S.C. § 1961(1):
> a. Forced labor in violation of 18 U.S.C. § 1589;
> b. Trafficking persons with respect to forced labor in violation of 18 U.S.C. § 1590;
> c. Unlawful document-related practices in furtherance of trafficking in violation of 18 U.S.C. § 1592(a);
> d. Fraud and misuse of visas, permits, and other documents in violation of 18 U.S.C. § 1546;
> e. Mail fraud to further their unlawful scheme in violation of 18 U.S.C. § 1341; and/or
> f. Wire fraud to further their unlawful scheme in violation of 18 U.S.C. § 1343.

Complaint, ¶84. These assertions however go to all Defendants. To repeat, the only allegations against Pittard are that 1) he reviewed Plaintiffs' immigration documents, and 2) that he spoke with them on the phone prior to their Embassy interviews. These two interactions with Plaintiffs, viewed as stand-alone acts, are not of a type that cause harm to victims. Even in the context of a conspiracy, this involvement cannot be considered

---

[1] The definition of racketeering activity is found in 18 U.S.C. § 1961(1) and has over 60 subsections which list various activities that qualify as racketeering.

continuous, as noted above, nor does the behavior "pose a threat of continued criminal activity." *Id.* at 239. This behavior therefore cannot be considered racketeering.

Plaintiffs would have the Court believe that Pittard's actions speak for themselves and that the reasonable inference is that Pittard was knowingly aiding the other Defendants in their criminal conspiracy. The Court however disagrees. Nothing is presented that would give rise to such a conclusion over the likewise reasonable inference that Pittard was hired to perform certain legal tasks and had no knowledge of the other Defendants' behavior. The bare allegations of a civil RICO claim cannot withstand scrutiny. This final claim against Pittard must also be dismissed.

Finally, it is well established that a dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir.2009). The Ninth Circuit has consistently held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether Plaintiffs will ultimately prevail, but whether they are "entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore & Warehouse Union, Local 13,* 474 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted). Here, Plaintiffs did in fact request such relief, i.e. that if the Court finds in favor of Pittard they be allowed to file a First Amended Complaint clarifying their allegations. Dkt. 19, at 12.

**MEMORANDUM DECISION AND ORDER - 11**

The Court agrees with Pittard's conclusion that "Plaintiffs are unable to support the viability of the Complaint against Pittard and Pittard Law in its current form." (Dkt. 20, at 9). However, that is precisely why leave to amend should be granted. The Court is unaware if the pleadings could be cured by the addition of other facts, but the Court is willing to give Plaintiffs a chance to cure the defects in their Complaint.

**ORDER**

**IT IS ORDERED:**

1. Jeremy L. Pittard's and Jeremy L. Pittard Attorney at Law PLLC's Motion to Dismiss for Failure to State a Claim (Dkt. 13) is **GRANTED**. Defendant Jeremy L. Pittard and Defendant Jeremy L. Pittard, Attorney at Law, PLLC are **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiffs are **GRANTED LEAVE** to file an amended complaint to cure deficiencies identified in this decision. If Plaintiffs elect to file an amended complaint, such must be filed within 30 days of this decision.



DATED: September 14, 2017

Honorable David C. Nye
United States District Court