DANIEL V. STEENSON
[Idaho State Bar No. 4332]
DAVID P. CLAIBORNE
[Idaho State Bar No. 6579]
SAWTOOTH LAW OFFICES, PLLC
1101 W. River St., Ste. 110
P. O. Box 7985
Boise, Idaho 83707
Telephone: (208) 629-7447
Facsimile: (208) 629-7559
E-mail: david@sawtoothlaw.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

(SOUTHERN DIVISION)

| | |
|---|---|
| **CESAR MARTINEZ-RODRIGUEZ, DALIA PADILLA-LOPEZ, MAYRA MUNOZ-LARA, BRENDA GASTELUM-SIERRA, LESLIE ORTIZ-GARCIA,** and **RICARDO NERI-CAMACHO**; Plaintiffs, vs. **CURTIS GILES**, an individual, **DAVID FUNK**, an individual, **FUNK DAIRY, INC.,** an Idaho corporation, **SHOESOLE FARMS, INC.**, an Idaho corporation, **JOHN DOES 1-10**; Defendants. | Case No. 1:17-cv-00001-BLW **STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

**COME NOW** the Defendants, Curtis Giles, David Funk, Funk Dairy, Inc., and Shoesole

Farms, Inc., by and through their attorneys of record, Sawtooth Law Offices, PLLC, and submits this

STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 1

statement of facts in **SUPPORT** of *Defendants' Motion for Summary Judgment*, filed herewith.

1.      Plaintiffs in this action are natural persons consisting of Cesar Martinez-Rodriguez, Dalia Padilla-Lopez, Mayra Munoz-Lara, Brenda Gastellum-Sierra, Leslie Ortiz-Garcia, and Ricardo Neri-Camacho.   Plaintiffs are all Mexican citizens that legally entered the United States for employment, as explained further herein.   Plaintiffs shall be referred to collectively as "Plaintiffs".

2.      Defendants are Funk Dairy, Inc., Shoesole Farms, Inc., David Funk and Curtis Giles. Funk Dairy is a dairy operation located in Twin Falls County, Idaho, owned by David Funk and his wife.   Curtis Giles is their son-in-law, and dairy manager.   Shoesole Farms is a farming entity also owned by David Funk and his wife, and it farms land in Twin Falls County, Idaho.   Defendants shall be referred to collectively as "Defendants".

3.      Funk Dairy operates a commercial dairy operation near Murtaugh, Idaho.   The owners of the dairy are David Funk and his wife.   David Funk's son-in-law, Curtis Giles, manages dairy operations.   David Funk and his wife also own and operate an independent farming operation known as Shoesole Farms.   Mr. Giles is not involved with the farming operation.   Deposition of David Funk, at 9, 14.   Deposition of Curtis Giles, at 8-9, 14-15, 90-91.

4.      The dairy operation is an integrated operation – meaning the dairy performs all aspects necessary for the production and sale of raw milk.   It impregnates cows and births calves, raises heifer calves, sells off steer calves, cares for sick animals on site, milks cows, and performs all other aspects incident to the foregoing.   In order to meet these functions, Funk Dairy depends upon skilled labor.   Professionals are needed in areas such as veterinary science, animal science, and animal nutrition.   Deposition of Curtis Giles, generally at 10-13.

STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 2

5.      In order to raise the overall skill of Funk Dairy's labor force, in the Fall of 2014, Mr. Giles began recruiting skilled labor from Mexico, specifically intending to obtain workers that qualified for the NAFTA TN Visa program.  Deposition of Curtis Giles, at 27-28, 30-33.

6.      At that time, Plaintiffs in this action all had 4-year college degrees and were licensed for animal science or veterinary science in Mexico.  Deposition of Brenda Gastelum-Sierra, at 10.[1]

7.      However, it is noteworthy that the animal science programs Plaintiffs completed in Mexico are not accredited for veterinary licensure in the United States, meaning that the maximum professional qualifications of the Plaintiffs in the United States was in an assisting capacity to licensed professionals in the United States.  Deposition of Ricardo Neri-Camacho, at 54-55.

8.      Mr. Giles recruited the Plaintiffs to work for Funk Dairy.  Mr. Giles personally attended their universities, presented on the employment opportunity, interviewed each Plaintiff, made each Plaintiff a job offer (which each accepted), and then put each Plaintiff in touch with legal counsel in order to secure TN Visas.  Deposition of Brenda Gastelum-Sierra, at 19-30, 39, 44-46.

9.      Each Plaintiff was authorized to enter the United States for purposes of employment with Funk Dairy under the professional designation as an animal scientist.  Deposition of Brenda Gastelum-Sierra, at 44-46.  Deposition of Curtis Giles, at 87.  See also 8 C.F.R. § 214.6, Appx. 1603.D.1.  An animal scientist is a person that has training and experience in the area of domestic farm animals, with an emphasis on food production, animal genetics, **nutrition**, **reproduction**,

---

[1]Many of the material facts are repetitive and contained in each individual Plaintiffs' deposition testimony.  Defendants will not cite in each instance to every location of deposition testimony establishing a fact inasmuch as each Plaintiffs' testimony is consistent.  In the event that Plaintiffs' contest any such statement of fact, the consistent testimony will then be identified by point citation to each deposition.

STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 3

**diseases**, **growth and development**, and that uses such experience to improve animal conditions by theoretical work in a laboratory, or by **applied work on the farm**. _See generally_ U.S. Bureau of Labor Statistics, Occupational Outlook Handbook, "Agricultural and Food Scientists".

10.     In securing employment of each Plaintiff, Mr. Giles advised each Plaintiff that employment at Funk Dairy would be according to the following terms:

    a.      Minimum $10 per hour, rate of pay, with opportunity for wage increases based on performance (which, incidentally, was a higher rate of pay than other employees without the training level of Plaintiffs);

    b.      A $2,000 bonus after one year of service;

    c.      Six days paid vacation after one year of service; and

    d.      Two-week pay periods with 130-144 hours of work per pay period.

Deposition of Brenda Gastelum-Sierra, at 31-33.  Deposition of Dalia Padilla-Lopez, at 23-24.

11.     Mr. Giles also explained that Funk Dairy would initially assist with housing for the first two months, and transportation to get to and from work during the first month.  After that Plaintiffs were on their own to secure their own housing (or remain in dairy housing and pay rent) and on their own to find transportation to work.  Deposition of Brenda Gastelum-Sierra, at 34-36. Deposition Exhibit 21.

12.     Mr. Giles also explained that the work would be physical in nature, and generally described the various operational areas of the dairy.  Specifically, Mr. Giles told each Plaintiff the work would be "practical, hands-on experience with dairy animals."  Deposition of Brenda Gastelum-Sierra, at 37-38.  Deposition of Mayra Munoz-Lara, at 49.

STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4

13.    The terms of employment of Plaintiffs with Funk Dairy were never reduced to a signed writing.  Deposition of Brenda Gastelum-Sierra, at 38.

14.    Each Plaintiff freely and voluntarily accepted employment with Funk Dairy under the TN Visa program, understanding that if their employment with Funk Dairy ended, their Visa would expire and they would be subject to removal back to Mexico.  Deposition of Dalia Padilla-Lopez, at 31.

15.    During employment with Funk Dairy, each Plaintiff regularly received pay from Funk Dairy, it came directly to them, and it was managed and spent however each chose free from interference by Defendants.  Deposition of Dalia Padilla-Lopez, at 33.

16.    During their first year of employment with Funk Dairy, each Plaintiff received in excess of $25,000 in gross compensation, including the $2,000 bonus and six days of paid vacation. Deposition Exhibits 3, 6, 9, 12, 15, 18.

17.    Plaintiffs also received initial assistance with housing and transportation, and gradually assumed more responsibility for the same as their stability was established in Idaho. Deposition of Leslie Ortiz-Garcia, at 46-48.  Deposition of Mayra Munoz-Lara, at 48.  Deposition Exhibit 21.

18.    Plaintiffs acknowledge their employment with Funk Dairy was "at-will" and that they were free to end that employment at any time.  Deposition of Ricardo Neri-Camacho, at 58.

19.    As mentioned above, Funk Dairy put each Plaintiff in touch with legal counsel to obtain the TN Visas.  This involved submitting an application to, and being subject to an interview by, the U.S. Department of State.  As part of this process, Funk Dairy had to make representations

STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 5

to the U.S. Department of State as to the nature of the employment and work to be performed in order for the government to independently determine whether each Plaintiff qualified for the NAFTA TN Visa program.  Deposition Exhibit 20 contains the representations made by Funk Dairy in order to assist each Plaintiff in securing a TN Visa.  Deposition of Leslie Ortiz-Garcia, at 50-52. Deposition of Curtis Giles, at 87-88.

20.     The U.S. Department of State granted and issued TN Visas to each Plaintiff based on the representations contained within Deposition Exhibit 20.  Deposition of Mayra Munoz-Lara, at 37-38.  Deposition of Curtis Giles, at 87-88.  Deposition Exhibit 20.

21.     Each Plaintiff has acknowledged performing the tasks outlined in Deposition Exhibit 20 and represented as part of the TN Visa process.  In particular, they have acknowledged employment in either Funk Dairy's reproduction programs, nutrition programs, or animal health programs.  Each has admitted to performing at least some of the work outlined in Deposition Exhibit 20, which was accepted as work in the nature of animal science, including but not limited to colostrum handling, feed preparation and evaluation, checking cows for pregnancy, measuring serum protein in blood cells of calves, performing essential sanitation, performing artificial insemination, treating pregnant cows, applying vaccinations, handling cows, fresh cow monitoring, fresh cow milking, assisting with administering medicine, assisting with administering treatment, performing hoof treatments, and transferring antibodies in calf blood.  Deposition of Ricardo Neri-Camacho, at 55-56.  Deposition of Brenda Gastelum-Sierra, at 42-44.  Deposition of Dalia Padilla-Lopez, at 46, 49.  Deposition of Leslie Ortiz-Garcia, at 65-66.  Deposition of Mayra Munoz-Lara, at 25-26. Deposition of Cesar Martinez-Rodriguez, at 51-55.  Deposition of Curtis Giles, at 88.

STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 6

22.     While in Idaho, each Plaintiff acquired an Idaho driver's license, and motor vehicles for their personal transportation.  Defendants did not interfere with Plaintiffs' use of their vehicles, or confiscate their driver's licenses.  Deposition of Brenda Gastelum-Sierra, at 16.

23.     Additionally, Defendants did not control Plaintiffs' housing situation.  Initial housing was provided to each Plaintiff by the dairy.  After that, each Plaintiff was free to live wherever they chose.  In fact, Mayra and Leslie moved out of the dairy housing.  Deposition of Leslie Ortiz-Garcia, at 46-48.  Deposition of Mayra Munoz-Lara, at 42-43.

24.     Plaintiffs were also not controlled by Defendants in their travel and association.  Leslie, Brenda and Ricardo each made trips to Mexico.  Dalia twice made trips to California.  Clearly, Plaintiffs could move about as they chose, and each Plaintiff had a passport that allowed their travel.  Deposition of Ricardo Neri-Camacho, at 60-61.  Deposition of Brenda Gastelum-Sierra, at 56-57.  Deposition of Dalia Padilla-Lopez, at 57.

25.     Each Plaintiff has further admitted that nobody censored or controlled their communication abilities with others.  In essence, Plaintiffs were left free to live and function as any ordinary person.  Deposition of Ricardo Neri-Camacho, at 61. Deposition of Brenda Gastelum-Sierra, at 58-59.

26.     Around the one-year anniversary of employment, each Plaintiff separated from employment with Funk Dairy – some based on their own choice, and others due to being dismissed by Funk Dairy. Deposition of Dalia Padilla-Lopez, at 66-67. Deposition of Brenda Gastelum-Sierra, at 70-71.

27.     Prior to filing this action, Plaintiffs made the same complaints at issue herein to U.S.

STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 7

Immigration and Customs Enforcement ("ICE").  ICE performed an investigation to determine whether there had been abuse of the TN Visa program, and determined there had been no such abuse. Deposition of Curtis Giles, at 67-71, 87.

28.     There is an absence of any facts to demonstrate why David Funk, Curtis Giles and Shoesole Farms have been named as Defendants in this action.  Plaintiffs have all admitted to only having association and employment with Funk Dairy.  Deposition of Ricardo Neri-Camacho, at 78-79.

29.     Plaintiffs characterize their time spent working at Funk Dairy, to others in their professional resumes, as involving professional work in the field of animal science.  Deposition Exhibits 25 (hospital clinic work, calf rearing, artificial insemination), 26 (animal breeder technician, collected and prepared laboratory samples, trained personnel in artificial insemination), 27 (quality control of milk substitute, fresh cow monitoring, sick cow diagnosis and treatment, measuring immunoglobins), 30 (animal scientist at dairy in Idaho), 31 (animal scientist at Funk Dairy).

30.     Plaintiffs' damage case is problematic.  In their initial disclosures, Plaintiffs indicated generally they sought the damages outlined in their complaint, but that they could not then provide a specific estimate of damages sought.  The complaint merely requested compensatory damages.  An interrogatory was propounded seeking specific information as to damages, but Plaintiffs made only general statements of a right to compensatory, exemplary, statutory and punitive damages, without providing any specifics as to amount or evidence thereof.  *Affidavit of Counsel* (filed herewith), at Ex. A.  They responded similarly as to a request for production of documents as to injury.  *Id.*, at Ex. B.

STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 8

31.     In depositions of the Plaintiffs, Defendants inquired as to evidence of damages and each Plaintiff refused to answer any questions regarding damages, upon instruction of counsel. Counsel indicated the damages case would be presented through an expert witness.  *Id.*, at Ex. D. Deposition of Ricardo Neri-Camacho, at 72-73.

32.     To date, Plaintiffs have not identified any expert witness on the subject of damages, nor have Plaintiffs provided any further supplementation of discovery as to the issue of their damages claim.  *Affidavit of Counsel* (filed herewith), at Ex. C.

**DATED** this 26th day of September, 2018.

SAWTOOTH LAW OFFICES, PLLC


by: /s/ *David P. Claiborne*
David P. Claiborne

STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following on this 26th day of September, 2018 by the following method:

**NATALIE CAMACHO MENDOZA**
**CAMACHO MENDOZA LAW**
P.O. Box 190438
Boise, Idaho 83719
Telephone: (208) 342-2960
Facsimile: (208) 629-0177
E-Mail: natalie@camachomendozalaw.com
*Attorneys for Plaintiffs*

[__] U.S. First Class Mail, Postage Prepaid
[__] U.S. Certified Mail, Postage Prepaid
[__] Federal Express
[__] Hand Delivery
[__] Facsimile
[_X_] Electronic Mail or CM/ECF

**MARIO MARTINEZ**
**EDGAR IVAN AGUILASOCHO**
**MARTINEZ AGUILASOCHO & LYNCH**
P.O. Box 11208
Bakersfield, California 93309
Telephone: (661) 859-1174
Facsimile: (661) 840-6154
E-Mail: eaguilasocho@farmworkerlaw.com
*Attorneys for Plaintiffs*

[__] U.S. First Class Mail, Postage Prepaid
[__] U.S. Certified Mail, Postage Prepaid
[__] Federal Express
[__] Hand Delivery
[__] Facsimile
[_X_] Electronic Mail or CM/ECF

by: /s/ *David P. Claiborne*
David P. Claiborne